UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JEFFREY HARRISMAN,

                         Plaintiff,

      -against-                                                    19 **CIVIL** 2986 (JMF)

                                                                                    **JUDGMENT**

THE CITY OF NEW YORK DEPARTMENT
OF TRANSPORTATION, et al.,

                       Defendants.
-----------------------------------------------------------X

      It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated September 1, 2020, Defendants' motions to dismiss are GRANTED, and Harrisman's Complaint is DISMISSED. In the case of any claims under the NYCHRL, that dismissal is without prejudice to refiling in state court; otherwise, it is with prejudice. Additionally, the Court declines to grant Harrisman leave to amend *sua sponte*. Although leave to amend a pleading should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts should generally grant *pro se* plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (internal quotation marks omitted), "it is within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). The Court granted Harrisman leave to amend once prior, *see* ECF No. 17, and now Harrisman neither seeks leave to amend nor suggests that he possesses additional facts that could cure the defects in his dismissed claims. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy

defects in the plaintiff's pleading). Furthermore, Harrisman was on notice of Defendants' arguments when he filed the Complaint in response to Defendants' original motion to dismiss, and he was expressly warned that he would "not be given any further opportunity" to amend the Complaint. *See* ECF No. 17, at 1. In light of these circumstances, the Court will not *sua sponte* grant leave to amend. *See, e.g.*, *Overby v. Fabian*, No. 17-CV-3377 (CS), 2018 WL 3364392, at *14 (S.D.N.Y. July 10, 2018) ("Plaintiff's failure to fix deficiencies in his previous pleading, after being provided ample notice of them, is alone sufficient ground to deny leave to amend *sua sponte*."); *see also Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257-58 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first." (alteration and internal quotation marks omitted)).  This Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); accordingly, this case is closed.

**Dated:**  New York, New York
September 2, 2020

**RUBY J. KRAJICK**
_____
**Clerk of Court**
**BY:**
**Deputy Clerk**